RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 30 2011

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FEDERAL COURT

JAMES MASON

Plaintiff

Vs.

AMERICAN HOME MORTGAGE SERVICING

INC ALSO KNOWN AS AHMSI

Defendants

CASE NO:

1 11-CV-4576 -CC

COMPLAINT FOR DAMAGES and **FEDERAL STAY**

**With SUPPLEMENTAL OF JURISDICTION**

and **Stay of all State Court Claims** &

**Related State Court Claims Pursuant** to 28 U.S.C.A. 1367

COMES NOW,JAMES MASON, (Plaintiff) as above stated with the following Complaint for Damages AMERICAN HOME MORTGAGE SERVICING ALSO KNOWN AS AHMSI , (Defendants). This Complaint for Damages is set forth on the following grounds with; Statements of Supplemental of Jurisdiction, Statement of Federal Jurisdiction and Applicable law:

PROPERTY ADDRESS:5106 CRESCENT COVE LANE

MABLETON GA 30126

DIVERSITY JURISDICTION

1. As set forth below this Court has diversity of citizenship jurisdiction over this matter pursuant to 28 U.S.C. 1332 (a) because the alleged cause of action brought by Plaintiff against Defendant is suit between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

2. Complete diversity of citizenship exists between Plaintiff and defendants in accordance with 28 U.S.C. 1441 (b):

   a. Plaintiff's Complaint list Plaintiff's address as 5106 CRESCENT COVE LANE MABLETON GA 30126 _. See Complaint at p.1 Therefore, Plaintiff appears to be a citizen of the state of Georgia for purposes of determining diversity of citizen pursuant to U.S.C. 1332. Pursuant to 28 U.S.C. 1332( c),DEFENDANT is a citizen of LOUISVILLE ,KY and was the time of the commencement of this action, a corporation with its principal place of business in the State of KY.

   Pursuant to 28 U.S.C. 1332 Plaintiff Complaint includes a demand that the Court "dismiss" the debt owed by plaintiff to Defendants. See Complaint at upon information and belief, the debt referred to by Plaintiff – and thus the amount put in the controversy in this case to by Plaintiff- and thus the amount put in the controversy in this case exceeds $75,000.00. See Exhibit C (promissory note signed by Plaintiff's) in favor of AMSI

in the amount of $750, 366.03. Therefore, the case meets the jurisdictional requirements of 28 USC 1332 (a).

FEDERAL QUESTION JURISDICTION

3. The Court also has jurisdiction over this case pursuant to 28 U.S.C. 1332 because Plaintiff's Complaint plainly implicates questions of federal law.

4. Plaintiff's Complaints Specially invokes the Truth and Lending Act ("TILA"). 15 U.S.C. 1601, et seq. See Complaint title paragraph (referencing "Truth in Lending Violations"), 10 (citing"('Federal Law" and specially, "Truth in Lending Laws", and 14 (referring to "truth in lender laws").

5. On the first page of Plaintiff's pleading entitled Notice of Lis Pendens, to which the complaint is appended, Plaintiff alleges a "deprivation of Rights under truth in lending laws along with regulation 'Z' violations." This allegation apparently refers to TILA and TILA'S primary authorized regulation, which is entitled "Regulation Z" See generally, 12 C.F.R. 226.1, et seq.

6. Plaintiff's Complaint also claims that Defendants violated the United States Constitution. See Constitution. At 9 alleging that Defendants created "money out of thin air against Article 1 Section 10 of the United States Constitution at large")

SUPPLEMENTAL JURISDICTION

7. Thus a Federal question of law appears on the face of the Plaintiff's complaint, and jurisdiction is proper. Smith V. GTE Corp. 236 F. 3d 1292 1310 (11th Cir. 2001).

This Court has supplemental and pendent jurisdiction over all state law claims asserted in Plaintiff's Complaint pursuant to 28 U.S.C. 1367 and 1441

BILL AT LAW: (COMPLAINT)

Against Truth in lending Violations with

Jury Demanded Pursuant to FRCVP Rule 38(a)(b),

Rule 39 and Rule 17(b) governing capacity

By Judicial Notice and all Oaths of Office

NOW COMES, JAMES MASON , THE PLAINTIFF under grace whereby domiciled the complaint of the defendant and state the following being civilly dead and no longer infliction:

1. All defendants are entities, associations and or sub-corporations of the several unified under THE UNITED STATES, INC., and doing business in commerce within the state of GEORGIA, which gives the court personal jurisdiction over the defendants and Parties.
2. The contract, i.e. promise to pay "promissory note" issued by the Plaintiff did accompany a contract among the parties, which was duly executed with the corporate limits of State, which gives the court jurisdiction over the subject matter
3. The Plaintiff herein complains that all Defendant holding the notes failed to disclose all. Namely the demand deposit made as a result of the Plaintiff execution of the wet ink.
4. It is well settled that there was at no time constitutional dollars issued in party with any of the transactions connected to the alleged loans.

5. Based upon information and belief, the Defendant altered the contract (note) voiding the enforcement of any remedy it may have had prior to such alteration whereby Plaintiff demands to inspect the original note as well as the check issue to the closing attorney.

The First Cause of Action

(Unlawful Altercation of the Contract)

Plaintiff incorporated paragraph 1 through 5 into this cause of action as if repeating it all over verbatim hetero by reference, believing Defendant had the direct duty to perverse the not in its original condition.

6. Defendant failed to issue (Loan) constitutional dollars in the transaction, issuing credit which was unconstitutional at best.

7. The Defendants failed to disclose a material fact concerning the demanded deposit of the not pledge which caused the Plaintiff to be the true lender in the transaction.

Plain Statement of Facts

8. The Defendants is believed to have used a common practice which was used by the Goldsmiths who keep the coin on deposit in their warehouse, thus creating money out of thin air against Article 1 Section 10 of the United States Constitution at large.

9. According, a uniform Standard was also set governing disclosure issues involving loan transaction. Federal Law required such promulgation to be enacted under Truth in Lending Laws.

The Defendants failed to such information under disclosure and is secret continues to collect on contract which must be altered from its original condition.

10. Moreover, Defendants have received credits without disclosure and notice from the note, form note and Defendants refuse to share those credits with plaintiff under any circumstance whatsoever.

11. Plaintiff seek remedy as a right and a matter of law in equity, to compel tie original documentation be brought before the court as evidence of the holder-in-due-course of the security instrument needed to have proper standing before the court.

12. Plaintiff seek redress against that which has been charged interest upon the money/ credit issued by the plaintiff without understanding it was the Plaintiff own credit; through the wet ink that funded the allege loan the color of banking.

13. IN AS MUCH AS, Plaintiff believes if said note (contract) has been altered without full disclosure, the contract (note) is not longer enforceable under the deed of trust when truth in lender laws applies here. And any other relief the court deems just and proper.

14. The Defendant has failed to validated the debt as required by Fair Debts Collections Practices Act 809B that reads as follows:

15. FAIR DEBTS COLLECTIONS PRACTICES ACT 809B

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector **shall cease collection of the debt,** or any disputed portion thereof, until the debt collector obtains verification of the debt.

16. The Defendant must comply with federal law as a Constitutional matter under Article 6 paragraphs 2 of the U.S. Constitution (Edgar v. Mite Corporation,) 457 U.S. 624 (1982), with federal law being mandatory authority.

(Copy of Article 6 paragraph 2 of the U.S. Constitution reads as follows)

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the **supreme Law of the Land;** and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding. \\\\\

In Edgar v. Mite Corporation, 457 U.S. 624 (1982), the Supreme Court ruled:

"A ruling or state statute is void to the extent that it actually conflicts with a valid federal statute."

In a similar option, Stone v. City and County of San Francisco (968 F.2d 850, 862 (9th Cir. 1992), the court held on the issue of injunction and remediation, "otherwise valid **state laws or court orders cannot** stand in the way of a federal court's remedial scheme if the action is essential to enforce the scheme."

The Respondent did violate Fair Debts Collection Practices Act 809B: and having a legal duty to **cease and desist** from conducting Foreclosure proceedings pursuant to O.C.G.A. 51-1-6.

WHEREFORE PLAINTIFF DEMANDS THE FOLLOWING RELIEF;

This honorable Court To RESCIND THE FORECLOSURE ACTION.

This honorable Court To CEASE AND DESIST FROM FROM VIOLATION

OF THE FAIR DEBT COLLECTION PRACTICE ACT 809B.

This honorable Court **STAY** ALL FORECLOSURE **ACTION** .

The Plaintiff demands the following Relief $500,000 in Compensatory Damages and Punitive Damages.

INASMUCH AS PLAINTIFF believe if said note contract has been altered without full disclosure, the contract note is no longer enforceable under the security instrument when truth in lender laws applies here.

**VERIFICATION**

**(Affidavit)**

The undersigned Affiant by application does here with swear, declare and affirm that the Affiant executes this Affidavit with sincere intent and competently states the matter set forth. I undersigned being under oath and declare under penalty of perjury, that I **do not** have an attorney to represent me in this case. Also that the contents are true, correct and not misleading to the best of **his** knowledge.

JAMES MASON

5106 CRESCENT COVE LANE

MABLETON GA 30126

Petitioner

Pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES MASON

PLAINTIFF

FEDERAL COURT

CASE NO.

1 11-CV-4576

VS
AMERICAN HOME MORTGAGE SERVICING INC ALSO KNOWN AS AHMSI

DEFENDANT

NOTICE OF LIS PENDENS

TO ALL PERSONS be it known of the pending litigation in the UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION with Case #

________________________

NOTICE OF FEDERAL STAY AND ADVERSE CLAIM

This Lis Penden shall serve notice of pending adverse claim serving as a legal impediment and stay against any bona fide purchase at foreclosure sale pursuant to 12 USC 3752 (1) cited herein as Section 3752 Definitions

For purpose of this chapter, the following definitions shall apply;

(1) Bona Fide Purchaser

The term "Bona Fide Purchaser" means a purchaser for value in good faith and without
notice of any adverse claim, and who acquires the security property free of any adverse claim.

LEGAL DESCRIPTION

Deed with legal Descriptions attached hereto as Exhibit A. Also known as .

SEE ATTACHED

James Mason

JASON MASON

5106 CRESCENT COVE LANE
MABLETON GA 30126

**NOTICE OF SALE UNDER POWER, COBB COUNTY**

Pursuant to the Power of Sale contained in a Security Deed given by **James Mason** to **Option One Mortgage Corporation** dated **7/26/2007** and recorded in Deed Book **14524** Page **4790**, **Cobb** County, Georgia records; as last transferred to **Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5** by Assignment filed for record in **Cobb** County, Georgia records, conveying the after-described property to secure a Note in the original principal amount of $ **611,900.00**, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of **Cobb** County, Georgia, within the legal hours of sale on the first Tuesday in **July, 2011** **(July 05, 2011)**, the following described property:

> **All that tract or parcel of land lying and being in Land Lot 400 of the 17th District, 2nd Section, Cobb County, Georgia, being Lot 47, Vinings Estates, Unit XIII C and D, as per plat thereof recorded in Plat Book 235, Page 74, Cobb County, Georgia records, which recorded plat is incorporated herein by reference and made a part of this description.**

The debt secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

Said property is commonly known as **5106 Crescent Cove Lane, Mableton, GA 30126-7622** together with all fixtures and personal property attached to and constituting a part of said property, if any. To the best knowledge and belief of the undersigned, the party (or parties) in possession of the subject property is (are): **James Mason** or tenant or tenants.

Said property will be sold subject to: (a) any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), (b) the right of redemption of any taxing authority, (c) any matters which might be disclosed by an accurate survey and inspection of the property, and (d) any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above.

The sale will be conducted subject to (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code; and (2) final confirmation and audit of the status of the loan with the holder of the Security Deed. Pursuant to O.C.G.A. Section 9-13-172.1, which allows for certain procedures regarding the rescission of judicial and non-judicial sales in the State of Georgia, the Deed Under Power and other foreclosure documents may not be provided until final confirmation and audit of the status of the loan as provided immediately above.

**Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007-OPT5, Asset-Backed Certificates, Series 2007-OPT5** as agent and Attorney in Fact for **James Mason**